**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. _____

CPI CARD GROUP - COLORADO, INC.,

        Plaintiff,

  vs.

LEIGHTON TECHNOLOGIES, LLC,

        Defendants.

**COMPLAINT BY CPI CARD GROUP FOR DECLARATORY JUDGMENT**

Plaintiff CPI Card Group - Colorado, Inc. (CPI), hereby complains of Defendant Leighton Technologies, LLC (Leighton), and alleges as follows:

**PARTIES**

1. Plaintiff CPI is a corporation organized and existing under the laws of the state of Colorado with its principal place of business at 10368 W. Centennial Road, Littleton, Colorado 80127.

2. On information and belief, Defendant Leighton is a corporation organized and existing under the laws of the State of New York with its principal place of business at 75 Montebello Road, Suffern, New York 10901.

**JURISDICTION AND VENUE**

3. This is an action for a declaratory judgment of patent non-infringement, patent invalidity, and patent unenforceability. This Court has subject matter jurisdiction over this action on these grounds:

   (a) The Declaratory Judgments Act, 28 U.S.C. § 2201, this being a complaint for a declaratory judgment pursuant to the laws of the United States;

   (b) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States; and

   (c) 28 U.S.C. § 1338 (a), this being a civil action arising under the Patent Laws of the United States.

4. As set forth below, a justiciable controversy has arisen and exists between CPI and Leighton concerning U.S. Patent Nos. 6,214,155 (the `155 Patent); 6,514,367 (the `367 Patent); 5,817,207 (the `207 Patent); 6,036, 099 (the `099 Patent); 6,441,736, reissued as RE40,145 (the `736 Patent); and 6,557,766 (the `766 Patent) (collectively, the Leighton Patents).

5. This Court has personal jurisdiction over Leighton inasmuch as Leighton sent cease-and-desist letters to CPI in this State and District; it has significant contacts with this State and District; and it has committed acts in this State and District that are the subject of the allegations set forth herein.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c).

## FACTUAL ALLEGATIONS

### The Controversy Between Leighton and CPI

7. CPI is the premier plastic credit, debit, and identity-card manufacturer in the world today. Its state-of-the-art facilities allow it to create virtually any card for any project, including memory, microprocessor, EMV, contact and contactless cards for the financial and ID card markets.

8. Keith R. Leighton claims to be the inventor of several United States patents, the Leighton Patents, relating to the processes of the manufacture of certain plastic cards containing embedded microchips, including the `155 Patent, the `367 Patent, the `207 Patent, the `099 Patent, the '736 Patent (reissued as RE40,145), and the '766 Patent.

9. Leighton is the recorded owner by assignment of the Leighton Patents.

10. The Leighton Patents all generally relate to the lamination process for RFID (or "contactless") cards that use an embedded chip to enable secure financial payments and access to secure locations. Leighton makes this claim on its website http://www.leighton-tech.com.

11. Leighton does not make any products. It was "formed for the purposes of enforcing a portfolio of patents." Its "enforcement campaign for the Leighton patents is being conducted by General Patent Corporation, which offers patent enforcement on a contingency basis."

12. Leighton is a patent troll whose business is litigation and who in no way advances the "Progress of Science and useful Arts." U.S. Const. Art. 1, Sec. 8.

13. On March 24, 2004, counsel for General Patent Corporation International wrote to CPI, asserting that certain CPI-manufactured cards allegedly infringed one or more of the Leighton patents.

14. CPI responded that its products and services did not infringe any valid claim of any Leighton patent.

15. Leighton did not contact CPI again for nearly six years. Then, on November 9, 2009, counsel for Leighton Technologies LLC wrote a letter to CPI, again asserting that certain CPI-manufactured cards allegedly infringed one or more of the Leighton patents

16. CPI responded that its products and services did not infringe any valid claim of any Leighton patent, and asked Leighton to specifically state the basis for Leighton's allegations against CPI.

17. It has been more than six years since a Leighton-affiliated entity first claimed that CPI-manufactured cards allegedly infringed one or more of the Leighton patents.

18. Leighton has never filed suit against CPI, yet the threat of litigation now hangs over CPI.

19.     In January 2010, Leighton filed suit against the United State of America in the United States Court of Federal Claims, Case No. 10-3C.

20.     In Leighton's complaint against the United States, Leighton asserted that any product complying with International Standards Organization (ISO) standard no. 14443 infringes one or more claims of the Leighton patents. Paragraphs 14-15 of Leighton's complaint state that "smart cards that comply with ISO 14443 infringe one or more claims of the [Leighton Technologies] Patents."

21.     CPI sells products that comply with ISO 14443.

22.     In Leighton's complaint against the United States, Leighton specifically names Athena Smartcard Inc. and TecSec, Inc., as providing products that infringe one or more claims of the Leighton patents.

23.     CPI has supplied products to Athena Smartcard and TecSec.

24.     In 2010, in response to Leighton's litigation in United States Court of Federal Claims, TecSec demanded indemnity in connection with the Leighton Patents from CPI for sales to both the United States Government and private entities.

25.     In 2010, in response to Leighton's litigation in United States Court of Federal Claims, Athena Smartcard demanded indemnity in connection with the Leighton patents from CPI for sales to both the United States Government and private entities.

26.     In light of (a) Leighton's 2004 and 2009 correspondence, (b) its public assertion that ISO 14443 infringes one or more claims of the Leighton Patents in its lawsuit against the United States of America, and (c) the 2010 indemnity demands from TecSec and Athena, a justiciable controversy has arisen and exists between CPI and Leighton concerning the infringement and validity of the Leighton Patents.

## The Leighton Patents Are Invalid

27. Upon information and belief, Leighton is not the inventor of the subject matter claimed in the Leighton Patents. Therefore, the patents are invalid for failure to meet the requirements of 35 U.S.C. § 101.

28. Upon information and belief, the subject matter of the Leighton Patents are invalid for failure to meet the patentability requirements of 35 U.S.C. §§ 102 (a) and/or (b).

29. Upon information and belief, the Leighton Patents are invalid for failure to name the actual inventors and/or to name proper co-inventors. During the prosecution of the applications for all of the Leighton Patents, Leighton failed to disclose that he is not the inventor of and/or that another is the actual inventor of and/or that there are other co-inventors of the subject matter claimed in the Leighton Patents by virtue of Leighton's employment and consulting relationships at the time the Leighton Patents were conceived and applied for. A Federal judge already has observed that "it seems to me that it is possible to conclude from the evidence that Mr. Leighton did not conceive of 'his' invention at all." Memo, 12/3/07, *Leighton v. Oberthur*, U.S. D.C., S.D. N.Y., Case No. 04 Civ. 2496 (CM)(LMS) (McMahon, J.).

30. Upon information and belief, the claimed subject matter of the Leighton Patents would have been obvious to one of skill in the relevant art, upon the respective dates of invention of these patents. Therefore, the Leighton Patents are invalid for failure to meet the patentability requirements of 35 U.S.C. § 103(a).

31. The judicially-created doctrine of obviousness-type double patenting prohibits an inventor from obtaining a second patent for claims that are not patentably distinct from the claims of a first patent – any such patent is rendered invalid. The Leighton Patents are invalid under the doctrine of obvious-type double patenting.

### The Leighton Patents Are Unenforceable

32.     Upon information and belief, Leighton and his attorneys were aware of information material to the claims of the Leighton Patents and, with a deceitful intent, chose not to disclose that information to the United States Patent and Trademark Office thereby violating their duty of candor.

33.     Upon information and belief, Leighton is aware of the failure to disclose material information with an intent to deceive the United States Patent and Trademark Office, and the resulting unenforceability of at least some of the Leighton Patents. Despite this knowledge, Leighton has attempted, and continues to attempt, to extort licensing fees from CPI for these unenforceable patents.

34.     *First*, the information set forth above with respect to the inventorship and ownership of the Leighton Patents was material to the patentability of the inventions claimed in the Leighton Patents.

35.     Upon information and belief, Leighton intentionally withheld this information from the United States Patent and Trademark Office with an intent to deceive the United States Patent and Trademark Office.

36.     *Second*, during the prosecution of the `155 Patent application, Leighton and his attorneys failed to disclose the existence of co-pending applications for U.S. Patent No. 6,441,736 (the `736 Patent) and `367 Patents, as well as prior art cited by the Examiner in the co-pending application for the `367 Patent, including GB 2279610 to named inventor Charles R. Jarvis (the Jarvis Patent). This information was material to the patentability of the inventions claimed in the `155 Patent.

37.     Similarly, during prosecution of the `367 Patent application, Leighton and his attorneys failed to disclose the existence of the co-pending applications for the `155 and `736

Patents.  This information was material to the patentability of the inventions claimed in the `367 Patent.

38.     Upon information and belief, Leighton and his attorneys intentionally withheld the existence of the co-pending applications for the `736 and `367 Patents and the Jarvis Patent with an intent to deceive the United States Patent and Trademark Office in connection with the `155 Patent application.

39.     Upon information and belief, Leighton and his attorneys intentionally withheld the existence of the co-pending applications for the `155 and `736 Patents with an intent to deceive the United States Patent and Trademark Office in connection with the `367 Patent application.

40.     At least the `155 and `367 Patents are therefore unenforceable due to inequitable conduct by Leighton and his attorneys during the application therefor.

## FIRST CLAIM FOR RELIEF

**(Declaration of Non-Infringement of the Leighton Patents)**

41.     CPI incorporates its factual allegations by reference.

42.     Leighton has asserted that CPI's products infringe one or more of the Leighton Patents.

43.     As properly interpreted, CPI's products do not infringe upon any valid and enforceable claim of the Leighton Patents.

44.     CPI is entitled to a declaration of non-infringement of the Leighton Patents, pursuant to 28 U.S.C. § 2201.

## SECOND CLAIM FOR RELIEF

**(Declaration of Invalidity of the Leighton Patents)**

45.     CPI incorporates its factual allegations by reference.

46. Should any of the claims of the Leighton Patents be interpreted to cover CPI's products, those claims would be invalid pursuant to 35 U.S.C. §§ 101, 102, and/or 103. Further, upon information and belief, the Leighton Patents are invalid for one or more of the provisions codified at 35 U.S.C. § 101 *et seq.*

47. CPI is entitled to a declaration of invalidity of the Leighton Patents, pursuant to 28 U.S.C. § 2201.

### THIRD CLAIM FOR RELIEF

**(Declaration of Unenforceability of the Leighton Patents Due to Inequitable Conduct)**

48. CPI incorporates its factual allegations by reference.

49. For at least the reasons set forth above, the Leighton Patents were procured by inequitable conduct and therefore, are unenforceable.

50. CPI is entitled to a declaration that the Leighton Patents are unenforceable due to inequitable conduct, pursuant to 28 U.S.C. § 2201.

### FOURTH CLAIM FOR RELIEF

**(Declaration of Unenforceability of the Leighton Patents Due to Patent Misuse)**

51. CPI incorporates its factual allegations by reference.

52. For the reasons set forth above, Leighton has misused one or more of the Leighton Patents by attempting to obtain licenses therefor, knowing that the Leighton Patents are invalid and/or were procured by inequitable conduct.

53. CPI is entitled to a declaration that the Leighton Patents are unenforceable for patent misuse, pursuant to 28 U.S.C. § 2201.

### FIFTH CLAIM FOR RELIEF

**(Declaration of Unenforceability of and Unavailability of Damages Related to the Leighton Patents Due to Laches, Estoppel, and 35 U.S.C. § 286)**

54. CPI incorporates its factual allegations by reference.

55. For the reasons set forth above, Leighton may no longer enforce the Leighton Patents against CPI. It made allegations of infringement against CPI over six years ago. CPI informed Leighton that its allegations were unfounded. Leighton never filed suit.

56. CPI is entitled to a declaration that the Leighton Patents are unenforceable or that Leighton may recover no damages by reason of laches, estoppel, and/or 35 U.S.C. § 286.

## PRAYER FOR RELIEF

WHEREFORE, CPI requests entry of judgment in its favor and against Leighton as follows:

A. That Leighton, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them, be temporarily, preliminarily and permanently enjoined from:

1. Threatening to assert or asserting any of the Leighton Patents against CPI, it's agents, employees, suppliers or customers;

2. Claiming that CPI's products infringe any claim of the Leighton Patents;

3. Claiming that any of the Leighton Patents are valid and enforceable;

B. That the Leighton Patents are not infringed by the importation, exportation, manufacture, advertising, distribution, sale or use of CPI's products

C. That the Leighton Patents and the claims thereof are invalid;

D. That the Leighton Patents are unenforceable due to inequitable conduct;

E. That the Leighton Patents are unenforceable due to patent misuse;

F. That this is an exceptional case pursuant to 35 U.S.C. § 285;

G. Awarding CPI its attorneys' fees and costs incurred in prosecuting this action, including expert witness fees; and

   H. Awarding such other and further preliminary and permanent relief to CPI as the Court deems equitable and appropriate.

Dated:  October 22, 2010    WINSTON & STRAWN LLP

           By: /s/ - David S. Bloch
             David S. Bloch

             David S. Bloch (Cal. Bar. No. 184530)
             dbloch@winston.com
             Matthew A. Scherb (Cal. Bar. No. 237461)
             (application for admission to this Court forthcoming)
             mscherb@winston.com
             WINSTON & STRAWN LLP
             101 California Street
             San Francisco, California 94111
             Telephone: 415-591-1000
             Facsimile: 415-591-1400

             Attorneys for Plaintiff
             CPI Card Group